1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    JOSHUA AYALA-LUGO,

4        Petitioner,

                                            Civil No. 10-1389 (JAF)
5        v.
                                            (Crim. No. 07-453)
6    UNITED STATES OF AMERICA,

7        Respondent.

8                              **OPINION AND ORDER**

9        Petitioner, Joshua Ayala-Lugo, brings this pro-se petition under 28 U.S.C. § 2255 for

10   relief from sentencing by a federal court, alleging that the sentence was imposed in violation

11   of his constitutional rights.  (Docket No. 1.)  The Government opposes (Docket No. 4), and

12   Petitioner replies (Docket No. 5).  An evidentiary hearing was held on August 3, 2011.

13                                        **I.**

14                          **Factual and Procedural Summary**

15       On September 9, 2008, Petitioner entered into an agreement with the Government to

16   plead guilty to one count of conspiracy to possess with intent to distribute narcotics.  (Crim.

17   No. 07-453, Docket No. 1233.)  In exchange for Petitioner's plea, the Government agreed to

18   recommend a sentence at either the statutory minimum or the lower end of the guidelines,

19   depending on Petitioner's criminal history.  (Id.)  The plea agreement included a waiver of

20   direct appeal.  (Id.) During the colloquy at his change-of-plea hearing, Petitioner acknowledged

21   the waiver of his right to appeal:

Civil No. 10-1389 (JAF)                                                                -2-

1          THE COURT: You are waiving your right to appeal
2          as part of this plea bargaining process.  There will be
3          no appeal.  The judgment that I will enter will be the
4          final judgment.  Do you understand that?
5
6          THE DEFENDANT: Yes.

7   (Crim. No. 07-453, Docket No. 2119 at 13.)

8          At the sentencing hearing on December 18, 2008, Petitioner again was informed that he

9   had waived his right to appeal by entering the plea bargain.  (Id., Docket No. 2118 at 6.)  We

10  sentenced Petitioner to the 120-month term recommended in the plea agreement, and we entered

11  final judgment on December 18, 2008. (Id., Docket No. 1610.)  On May 11, 2010, Petitioner

12  filed his § 2255 petition—over four months after the one-year statute of limitations expired, see

13  § 2255(f).

14         Petitioner raised a single claim for § 2255 relief: Ineffective assistance of counsel arising

15  from the failure to file a direct appeal. (Docket No. 1-2.)  The Government replied and asserted

16  the § 2255(f) time bar as a defense.  (Docket No. 4.)  Petitioner responded, claiming that

17  equitable tolling is applicable to his case.  (Docket No. 5.)

18         We appointed counsel for Petitioner and held an evidentiary hearing on August 3, 2011,

19  to hear further evidence on the merits of Petitioner's claim.  At the hearing, both Petitioner and

20  his trial attorney, Vladimir Mihailovich Nikolich, testified. Mihailovich stated that he had

21  explained the waiver of appellate rights to Petitioner multiple times prior to the change of plea.

22  He explained that Petitioner had been hesitant to enter the plea bargain because Petitioner

23  disagreed with the Government's characterizing his role in the conspiracy as a runner instead

24  of a seller.  Mihailovich further stated that, after sentencing, Petitioner did not ask him to file

Civil No. 10-1389 (JAF)                                                                                    -3-

1    an appeal.  Furthermore, he stated that, in his view, there was no reasonable basis for filing an

2    appeal.

3            Petitioner testified that Mihailovich had presented the plea agreement to him and

4    explained the waiver of appellate rights.  He also claimed, however, that during the plea

5    colloquy he did not understand the waiver of appeal as explained to him but had affirmed his

6    understanding only because Mihailovich instructed him to answer "yes" to all questions.  When

7    asked during his testimony if he would have answered "yes" to a request in the colloquy to

8    throw himself down a hill, Petitioner responded that he would not.  Furthermore, Petitioner

9    testified that after sentencing he asked Mihailovich to file an appeal but that Mihailovich told

10   him he would not file an appeal on his behalf because he was no longer his lawyer and was not

11   required to file an appeal.  Finally, when asked on what grounds he sought to appeal his

12   sentence, Petitioner stated that he believed he should have been held responsible for a smaller

13   amount of narcotics.

14                                                       **II.**

15                            **Standard for Relief Under 28 U.S.C. § 2255**

16           A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner

17   is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A federal prisoner

18   may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of

19   the Constitution or laws of the United States."  Id.

20           In general, a petitioner cannot be granted relief on a claim that was not raised at trial or

21   on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural

22   default.  See United States v. Frady, 456 U.S. 152, 167 (1982).  Claims of ineffective assistance

23   of counsel, however, are exceptions to this rule.  See Massaro v. United States, 538 U.S. 500

1   (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does

2   not bar subsequent § 2255 review).

### III.

#### Analysis

5       Because Petitioner appears pro se, we construe his pleadings more favorably than we

6   would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

7   Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural

8   and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

9       Petitioner claims that both his inability to speak English and delays by the Federal

10  Bureau of Prisons in forwarding his legal documents warrant the application of equitable tolling

11  to his claim.  A district court may choose to sidestep an equitable tolling inquiry and decide the

12  substantive claims in a § 2255 petition when it is clear that the Government would prevail on

13  the merits.  See Ramos-Martínez v. United States, 638 F.3d 315, 324–25 (1st Cir. 2011).

14  Having heard evidence of the underlying ineffective assistance of counsel claim, we find it

15  proper to resolve this case on the merits.

16      The success of a claim of ineffective assistance of counsel under § 2255 depends on a

17  petitioner's showing both a deficient performance by his trial counsel and a resulting prejudice.

18  Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010).  Deficient performance is present

19  where the trial counsel's representation "fell below an objective standard of reasonableness,"

20  a standard that is informed by "prevailing professional norms."  Id. (quoting Strickland v.

21  Washington, 466 U.S. 668, 688 (1984)).  To succeed on a claim of ineffective assistance of

22  counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within

23  the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  Choices

Civil No. 10-1389 (JAF)                                                           -5-

1    made by counsel that could be considered part of a reasonable trial strategy rarely amount to

2    deficient performance.  See id. at 690.  Counsel's decision not to pursue "futile tactics" will not

3    be considered deficient performance.  Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also

4    Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless

5    claims is not ineffective assistance of counsel).  Prejudice exists where "there is a reasonable

6    probability that, but for counsel's unprofessional errors, the result of the proceeding would have

7    been different."  Strickland, 466 U.S. at 694.

8          Petitioner fails to demonstrate that Mihailovich's performance was deficient.

9    Mihailovich was credible in his testimony that Petitioner did not ask him to file an appeal.

10   Petitioner's testimony, by contrast, was incredible and contradictory.  In his initial filing,

11   Petitioner had stated that after instructing Mihailovich to file an appeal, he was under the

12   impression that it had been filed and did not learn otherwise until the time to appeal had expired.

13   Yet in his testimony at the evidentiary hearing, Petitioner stated that Mihailovich told him he

14   would not file an appeal.  Also, given the numerous times Petitioner was informed of the waiver

15   and his testimony that he understood the waiver of appeal when explained to him by

16   Mihailovich, we find it unlikely that he then ordered Mihailovich to file an appeal.

17          Finally, we note that Petitioner attempted to raise at his evidentiary hearing, for the first

18   time, a claim that his plea was not knowing and voluntary.  We do not credit Petitioner's

19   testimony that he did not understand that he had agreed to waive his right to direct appeal.  He

20   testified that the waiver was explained to him by Mihailovich and that he understood its

21   meaning prior to the change of plea.  It is incredible that he later lost this understanding and yet

22   represented to the court at the change-of-plea hearing that he understood the right and its

23   waiver.

Civil No. 10-1389 (JAF)                                                              -6-

1                                              **IV.**

2                                **Certificate of Appealability**

3              In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we

4       deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability

5       ("COA").  We grant a COA only upon "a substantial showing of the denial of a constitutional

6       right."  28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that

7       reasonable jurists would find the district court's assessment of the constitutional claims

8       debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v.

9       McDaniel, 529 U.S. 473, 484 (2000)).  We see no way in which a reasonable jurist could find

10      our assessment of Petitioner's constitutional claims debatable or wrong.  Petitioner may request

11      a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

12                                             **V.**

13                                        **Conclusion**

14             For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1).

15             **IT IS SO ORDERED**.

16             San Juan, Puerto Rico, this 30th day of August, 2011.

17                                              s/José Antonio Fusté
18                                              JOSE ANTONIO FUSTE
19                                              United States District Judge